AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

United States of America
v.
SAMUEL GAPI-MURRIETA
*Defendant(s)*

Case No. 8:17-mj-1314-JSS

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of April 27, 2017 in the county of Hillsborough in the Middle District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal alien found in the United States without permission after deportation. |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Anthony M. Fiorita, U.S. Border Patrol Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/2/17

[signature]
*Judge's signature*

City and state: Tampa, Florida

Julie S. Sneed, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Anthony M. Fiorita, being duly sworn, hereby depose and state as follows:

1. I have been employed as a United States Border Patrol Agent with the United States Border Patrol since February 3, 1997. Since August 8, 2004, I have been assigned to the United States Border Patrol Station in Tampa, Florida, as a Border Patrol Agent (BPA).
2. In my capacity as a BPA, I am charged with enforcing U.S. immigration laws, both administrative and criminal sections of the law, including investigating violations of such laws and making arrests of deportable aliens in accordance with these laws. I am a federal law-enforcement officer with the authority to execute arrest warrants and search warrants under the authority of the United States.
3. This affidavit is in support of a criminal complaint. The statements contained in this affidavit are based on my personal experience and observations and those of other agents. This affidavit does not contain every fact regarding the investigation, but does document the probable cause to charge Samuel GAPI-Murrieta, a Mexican citizen and national, with being an alien found in the United States without permission after deportation, in violation of 8 U.S.C. § 1326(a).

## FACTS AND CIRCUMSTANCES

4. On April 27, 2017, Samuel GAPI-Murrieta was found in Plant City, Hillsborough County, Middle District of Florida, by Plant City Police Department (PCPD) Officers during a vehicle stop for traffic violations. PCPD officers requested

assistance from Tampa Border Patrol agents in determining his status in the United States. Records checks revealed that Samuel GAPI-Murrieta, a Mexican citizen, had been deported to Mexico from the United States on April 25, 2003, after having been arrested by U.S. Immigration and Customs Enforcement agents on April 11, 2003. GAPI-Murrieta, on his own admission, illegally reentered the United States and was again encountered and arrested by U.S. Immigration and Customs Enforcement agents on January 12, 2009, in Plant City, Florida. He was subsequently deported back to Mexico from Miami, Florida, on January 14, 2009. Due to the information obtained about GAPI-Murrieta from the record checks, a United States immigration detainer was lodged with the Plant City Police Department on suspicion that GAPI-Murrieta was in the United States illegally.

5. Records checks also revealed that GAPI-Murrieta was convicted on November 15, 1999, for Contributing to the Sexual Delinquency of a Minor in the Circuit Court of the State of Oregon, for the County of Clatsop, in violation of ORS 163.435, Case No.99-6578. He received 18 months' probation. He was also convicted in the same court on or about May 4, 2001, for the offense of Failure to Register as a Sex Offender, in violation of ORS 181.599, Case No. 01-6010.

6. On Friday April 28, 2017, I went and interviewed GAPI-Murrieta at the Hillsborough County jail. I advised him of his *Miranda* rights and he stated that he understood them. He agreed to speak to me without a lawyer present. He then admitted to being a Mexican citizen illegally in the United States—having entered

at a time and place other than a designated Port of Entry without seeking or receiving permission from the Department of Homeland Security. He also stated that he came here freely and that he was not coerced to illegally enter into the United States. GAPI-Murrieta admitted that he had been deported from the United States on two separate occasions and that he knew it was illegal to come back to the United States after having been previously deported.

7. On May 1, 2017, the Hillsborough County Sheriff's Office advised Tampa Border Patrol that GAPI-Murrieta was bonding out of jail and requested that we pick him up based on our immigration detainer. He was transported to the Tampa Border Patrol Station. Records checks revealed that Samuel GAPI-Murrieta, a Mexican citizen, had been deported to Mexico from the United States on the above-listed dates. Records checks also revealed that GAPI-Murrieta was arrested on May 7, 2009, in Jacumba, California, for illegal entry and was subsequently returned voluntarily to Mexico. This information was verified through fingerprint comparisons conducted through the Next Generation Identification (NGI) System, the Central Index System, National Crime Index Center, and Enforce Alien Removal Module.

8. No information exists that GAPI-Murrieta had either requested or received permission from the Attorney General or from the Secretary of Homeland Security to re-enter the United States after his deportation.

**CONCLUSION**

Based on the foregoing facts, I believe there is probable cause to establish that Samuel GAPI-Murrieta, a citizen and national of Mexico, is an alien found in the United States without permission after deportation, in violation of 8 U.S.C. § 1326(a).

Further affiant sayeth naught.

Anthony M. Fiorita
U.S. Border Patrol Agent

Sworn to and subscribed before me this 2nd day of May, 2017, in Tampa, Florida.

Julie S. Sneed
United States Magistrate Judge